UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

        Plaintiff,

-v-                                                    25-CV-379

Approximately $179,683 United States Currency,
One (1) Technolink diamond watch;
One (1) Bulova marine star 100m watch;
One (1) Michael Kors MK-5544 watch;
One (1) Nixon Corporal SS black watch;
One (1) Rolex Datejust watch (DE6 93250);
One (1) Gucci Pantcaon watch;
Three (3) diamond gold earrings;
Three (3) diamond gold rings;
One (1) diamond gold bracelet;
One (1) gold bracelet with clasp;
One (1) diamond gold necklace;
One (1) diamond gold Jesus pendant; and
One (1) diamond silver earrings;

        Defendants *in rem*.

---

## VERIFIED COMPLAINT FOR FORFEITURE

The United States of America, by and through its attorney, Michael DiGiacomo, United States Attorney for the Western District of New York, and Mary Clare Kane, Assistant United States Attorney, of counsel, for its Verified Complaint herein alleges as follows:

## CAUSE OF ACTION

1.    This is an action *in rem* pursuant please include Title 21, United States Code, Section 881(a)(6) for the forfeiture of the approximate sum of $179,683 in United States currency, One (1) Technolink diamond watch; One (1) Bulova marine star 100m watch; One

(1) Michael Kors MK-5544 watch; One (1) Nixon Corporal SS black watch; One (1) Rolex Datejust watch (DE6 93250); One (1) Gucci Pantcaon watch; Three (3) diamond gold earrings; Three (3) diamond gold rings; One (1) diamond gold bracelet; One (1) gold bracelet with clasp; One (1) diamond gold necklace; One (1) diamond gold Jesus pendant; and One (1) diamond silver earrings (hereinafter collectively referred to as the "Defendant Property") seized from 550 Seneca Street, Apartment 310, Buffalo, New York 14204.

2. This Court has subject matter jurisdiction of this action pursuant to Title 28, United Sates Code, Sections 1345 and 1355(a), and *in rem* jurisdiction pursuant to Title 28, United Sates Code, Sections 1355(b) and 1355(d). Venue is properly premised in the Western District of New York pursuant to Title 28, United Sates Code, Section 1395 and Title 21, United Sates Code, Section 881(j).

3. On December 11, 2024, officers of the Erie County Sheriff's Office ("ECSO"), with assistance of agents from Homeland Security Investigations ("HSI") Buffalo Border Enforcement Security Taskforce ("BEST") seized the Defendant Property during the execution of a search warrant at 550 Seneca Street, Apartment 310, Buffalo, New York 14204.

4. The Defendant Property was seized on the basis that it was furnished, or intended to be furnished, in exchange for controlled substances, as proceeds traceable to exchanges of controlled substances, and had otherwise been used, or was intended to be used, to facilitate a violation of Title 21, United States Code, Section 841 *et. seq*. The Defendant Property in the custody of the United States Customs and Border Protection ("CBP") in the Western District of New York.

**BASIS FOR FORFEITURE**

5. In December 2024, ECSO and HSI BEST initiated a joint investigation into cocaine distribution in the Buffalo area. ECSO identified Lincoln BILLINGSLEA (hereinafter "BILLINGSLEA") as a large-scale cocaine distributor in Buffalo, NY.

6. During the investigation of BILLINGSLEA, on December 11, 2024, at approximately 9:50 a.m., law enforcement officers (hereinafter referred to as "LEO") observed BILLINGSLEA driving a black 2016 Chevrolet Malibu in the vicinity of 550 Seneca Street. The 2016 Chevrolet Malibu had New York State license plate: LFD-8158 and is registered to Chantel Bauer at 31 Houston Street, Buffalo, N.Y.

7. LEO observed BILLINGSLEA use a keypad at 550 Seneca Street, Buffalo, NY to enter the gated parking lot in the rear. BILLINGSLEA did not pull close enough to the keypad and physically got out of the 2016 Chevrolet Malibu to enter the access code. Thereafter, BILLINGSLEA entered the parking lot, exited the vehicle and then the apartment building.

8. At approximately 12:20 p.m., LEO observed BILLINGSLEA leave the apartment building and enter the driver's side of the 2016 Chevrolet Malibu and leave the area.

9. LEO maintained surveillance on BILLINGSLEA and the 2016 Chevrolet Malibu. BILLINGSLEA drove from 550 Seneca Street to the parking lot of an apartment complex located on Southside Street, Buffalo, N.Y.

10. BILLINGSLEA was pulled over by LEO/ECSO in the vicinity of 323 Southside Street, Buffalo, N.Y for Aggravated Unlicensed Operation of a Motor Vehicle in the 2nd degree, and other traffic violations.

11. During this traffic stop, BILLINGSLEA was removed from the 2016 Chevrolet Malibu.

12. During the traffic stop, LEO observed, in plain view, a pipe containing suspected cocaine residue on the passenger side floor of the 2016 Chevrolet Malibu.

13. LEO seized $1,351.00 U.S. currency from BILLINGSLEA's person during the traffic stop.

14. LEO advised BILLINGSLEA of his rights, commonly referred to as the *Miranda* warnings. BILLINGSLEA was transported to 45 Elm Street, Buffalo, N.Y and interviewed by LEO.

15. BILLINGSLEA stated that he was at Delta Sonic car wash prior to being stopped by LEO. BILLINGSLEA stated that prior to going to Delta Sonic, he dropped his son off at Southside School. BILLINGSLEA stated that his son lives with his son's mother, Chantel Bauer.

16. BILLINGSLEA stated that he lives at 278 Walnut Street with his mother.

17. BILLINGSLEA stated that he does not have an apartment at 550 Seneca Street and was not present at the apartment building on December 11, 2024. (LEO knew this to be false. *See* ¶ 8 above.)

18. BILLINGSLEA later admitted that he was at 550 Seneca Street to see his "cousin" but claimed to not know anything about Apartment 310.

19. HSI was informed that the mother of Billingslea's son, Chantel Bauer (hereinafter "BAUER") leases Apartment 310 at 550 Seneca Street.

**Search of 550 Seneca Street, Apartment 310**

20. Later that day, December 11, 2024, a Buffalo City Court Judge authorized the search of 550 Seneca Street, Apartment 310, Buffalo, N.Y. 14204.

21. During the execution of the search warrant, the following items were discovered and seized:

- $117,127.00 United States currency, seized from inside a safe in the private, fenced-in storage unit of Apartment 310;
- 400 grams of suspected cocaine;
- $61,205.00 United States currency, seized from inside the bedroom closet;
- One (1) Technolink diamond watch;
- One (1) Bulova marine star 100m watch;
- One (1) Michael Kors MK-5544 watch;
- One (1) Nixon Corporal SS black watch;
- One (1) Rolex Datejust watch (DE6 93250);
- One (1) Gucci Pantcaon watch;
- Three (3) diamond gold earrings;
- Three (3) diamond gold rings;
- One (1) diamond gold bracelet;
- One (1) gold bracelet with clasp;
- One (1) diamond gold necklace;
- One (1) diamond gold Jesus pendant; and
- One (1) diamond silver earrings;

5

22. The total appraised value of the seized watches and jewelry is approximately $26,353.

23. The breakdown of the defendant currency (see photographs below) is as follows:

| Denomination | Number of Bills | Value of Bills |
|---|---|---|
| $100 | 219 | $21,900 |
| $50 | 348 | $17,400 |
| $20 | 2,420 | $125,020 |
| $10 | 924 | $9,240 |
| $5 | 864 | $4,320 |
| $2 | 32 | $64 |
| $1 | 1,739 | $1,739 |

(This section left intentionally blank.)






Seized from closet.

24. Based upon training and experience of the law enforcement officers involved, cash is the almost exclusive medium of exchange for drug dealers. Further, the abundance of twenty-dollar bills (here $125,020 in twenty-dollar bills) is significant because small denominations (such as twenty-dollar bills) are more commonly used than other denominations in street level drug trafficking.

25. Drug packaging paraphernalia, such as inositol (a cutting agent), cooking glassware (commonly use to convert cocaine powder into crack cocaine), a digital scale

7

containing suspected drug residue, bottles containing pills, and multiple plastic baggies containing suspected cocaine were located throughout the apartment.

26. Of the 400 grams of suspected cocaine (referenced above at paragraph22) approximately 8 ounces (approximately 224 grams) was contained in a black bag found inside an open blue cooler near a hallway closet.

27. Subsequent lab analysis of the suspected cocaine (referred to in ¶ 26) by the Erie County Central Police Services Forensic Laboratory confirmed the presence of cocaine hydrochloride.

28. Based on the training and experience of LEO, the street value of the 400 grams of cocaine is approximately $8,000.

29. Upon information and belief, BILLINGSLEA is not employed.

30. Following the search of 550 Seneca Street, BILLINGSLEA was arrested and charged with the following violations of New York State penal law:

- Criminal Possession of a Controlled Substance-1 Degree-Narcotic Drug/8oz or More-Class A-I Felony.
- Criminal Possession of a Controlled Substance/Narcotic-3 Degree-Class B Felony.
- Criminal Possession of a Narcotic Drug/Intent to Sell-3 Degree-Class B Felony.
- Criminal Possession of a Controlled Substance-7 Degree-Class A Misdemeanor.
  Criminal Use of Drug Paraphernalia-2$^n$ Degree (3 Counts)-Class A Misdemeanor.

## CONCLUSION

Based on all of the foregoing facts, the circumstances surrounding those facts, and the experience and training of the officers and agents involved in the investigation leading to the seizure of the Defendant Property, there is reasonable cause to believe that the Defendant Property was furnished, or intended to be furnished, in exchange for a controlled substance,

8

was proceeds traceable to such an exchange(s) of controlled substances, and had otherwise been used, or was intended to be used, to facilitate a violation of Title 21, United States Code, Section 841 *et. seq*. and, therefore, the Defendant Property is subject to forfeiture pursuant to Title 21, United States Code, Section 881(a)(6).

**WHEREFORE**, the United States of America respectfully requests:

(1) that an arrest warrant *in rem* be issued for the arrest of the Defendant Property;

(2) that all persons having any interest therein be cited to appear herein and show cause why the forfeiture should not be decreed;

(3) that a judgment be entered declaring the Defendant Property be condemned and forfeited to the United States of America for disposition in accordance with the law;

(4) that the costs of this suit be paid to and recovered by the United States of America; and

(5) that the Court grant such order and further relief as deemed just and proper.

DATED: April 29, 2025, at Buffalo, New York.

                        MICHAEL DIGIACOMO
                        United States Attorney
                        Western District of New York

BY:   *s/Mary Clare Kane*
        MARY CLARE KANE
        Assistant U.S. Attorney
        United States Attorney's Office
        Western District of New York
        138 Delaware Avenue
        Buffalo, New York 14202
        (716) 843-5700
        mary.kane@usdoj.gov

STATE OF NEW YORK   )
COUNTY OF ERIE      )   ss.:
CITY OF BUFFALO     )

FRANK ZABAWA, being duly sworn, deposes and says:

    I am a Special Agent with the Department of Homeland Security, Buffalo Border Enforcement Security Taskforce, Buffalo, N.Y., and I am familiar with the facts and circumstances surrounding the seizure of the approximate sum of $179,683 in United States currency, One (1) Technolink diamond watch; One (1) Bulova marine star 100m watch; One (1) Michael Kors MK-5544 watch; One (1) Nixon Corporal SS black watch; One (1) Rolex Datejust watch (DE6 93250); One (1) Gucci Pantcaon watch; Three (3) diamond gold earrings; Three (3) diamond gold rings; One (1) diamond gold bracelet; One (1) gold bracelet with clasp; One (1) diamond gold necklace; One (1) diamond gold Jesus pendant; and One (1) diamond silver earrings seized from 550 Seneca Street, Buffalo, New York 14204, on or about December 11, 2024. The facts alleged in the Verified Complaint for Forfeiture are true to the best of my knowledge and belief and based upon my personal knowledge and information furnished to me by officers and agents of the HSI-BEST and Erie County Sheriff's Office, and provided to officials of the United States Department of Justice.

                                          *s/Frank Zabawa*
                                          Frank Zabawa
                                          Special Agent
                                          Department of Homeland Security

Subscribed and sworn to
before me this 29th day of
April, 2025.

*s/Cheryl LoTempio*
Cheryl LoTempio
Notary Public, State of New York
Qualified in Erie County
Commission Expires 6/30/2026

10